**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHANIEL MARCUS GANN, | No.    17-55316 |
| Petitioner-Appellant, | D.C. No. |
| v. | 3:12-cv-01418-JAH-BLM |
| RALPH DIAZ, Secretary of the California Department of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted April 16, 2020[**]
Pasadena, California

Before:  THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit Judges.

State prisoner Nathaniel Gann petitions for review of the district court's

denial of his habeas petition, arising out of his California conviction for first-

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

degree murder. We have jurisdiction under 28 U.S.C. § 2253(d), and we affirm.

Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

1. The Sixth Amendment's Confrontation Clause bars the admission of statements that are both testimonial and offered for their truth if the declarant is unavailable. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). The California Court of Appeal concluded that the state trial court's admission of the transcript of a 911 call from a co-defendant who was not available to testify at trial did not violate the Confrontation Clause because it was not testimonial in nature. *People v. Gann*, 123 Cal. Rptr. 3d. 208, 219 (Cal.Ct.App. 2011). The district court properly concluded that the decision was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

The transcript of the co-defendant's 911 call was properly admitted into evidence because the objective circumstances indicate that it was made in the course of an ongoing emergency with the purpose of protecting the public and procuring aid; the co-defendant's statements in the call were therefore non-testimonial. *See Davis v. Washington*, 547 U.S. 813, 827 (2006) ("A 911 call . . . is ordinarily not designed primarily to 'establish or prove' some past fact, but to describe current circumstances requiring police assistance.")

2.    The district court also properly concluded that the California Court of Appeal decision as to other alleged violations of the Confrontation Clause was not an unreasonable application of clearly established federal law because, even assuming such a violation, any error was harmless given the overwhelming evidence of guilt. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  Gann was identified by an eyewitness fleeing the crime scene. Neighbors reported seeing a truck like Gann's parked near the crime scene.  Police found Gann's shirt and ski mask discarded near the crime scene.  Gann's DNA was found on the discarded ski mask.

After his arrest, he confessed what he had done to a fellow jail inmate. Thus, even assuming co-defendant's statements to the police were improperly admitted–an issue we do not reach–any errors were harmless.

3.    We need not, and do not, reach any other issue urged by the parties. We decline to expand the Certificate of Appealability.


**AFFIRMED.**